FILED LODGED
RECEIVED COPY
APR 23 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

Danny Kadum
11974 N Labyrinth Drive
Oro Valley, AZ 85737
Telephone: 424-422-2732
Email: dkadum@asu.edu
Pro Se Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Metropolitan Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Danny Kadum and Aldo Kadum,<br><br>Defendants. | No. CV-26-00167-TUC-LCK<br><br>**RESPONSE TO INTERPLEADER COMPLAINT** |

COMES NOW Danny Kadum, appearing pro se, and responds to the interpleader action filed by Metropolitan Life Insurance Company ("MetLife") concerning the group term life insurance policy issued on the life of his father, Gaetano Kadum, through his employer, Ford Motor Company, and states as follows:

1. MetLife should have honored the beneficiary designations of the group term life insurance policy for my father, Gaetano Kadum, issued through his employer, Ford Motor Company, as these designations reflect his clear and intentional wishes.

2. My brother's claims are untrue, unfounded, and wholly without merit, and are based on misguided assertions that do not reflect reality or the values of our family.

3. My father designated me as beneficiary because I was his caregiver and servant for over twenty years, and he intended that these proceeds provide stability and prevent hardship

following his death.

Life insurance proceeds are intended to prevent precisely the hardship that has occurred here. Due to MetLife's delays - now exceeding seven months since my father's passing - I have suffered significant financial hardship, including a period of approximately two months without access to funds.

These delays go beyond what is reasonable and expected under governing law and lead me to believe that MetLife has acted in bad faith while retaining and benefiting from interest on the funds.

## SECTION I - RESPONSE REGARDING METLIFE

MetLife asserts that it has taken no position and has filed this interpleader action merely to avoid liability. That assertion is inconsistent with its conduct.

MetLife should have honored the beneficiary designations from the outset. Instead, it delayed communication for weeks following my father's death on September 22 and continued to delay action for months thereafter.

MetLife failed to act within a reasonable time. A deadline of January 12 was imposed for resolution between myself and Aldo Kadum, despite the fact that we are estranged, do not communicate, and have a restraining order in place. MetLife was aware, or should have been aware, that resolution without meaningful intervention was unrealistic.

MetLife then changed legal representation, and the subsequent law firm failed to act even after an agreement was reached in principle. The deadline was allowed to pass without action. It was only after I began calling repeatedly and leaving persistent messages that any movement occurred. Even then, action was delayed well beyond the March 20 timeframe, and we are now more than seven months from the date of death.

This pattern reflects inefficiency, delay, and disregard for the urgency of the matter.

MetLife's delays have caused material financial harm. I am a full-time PhD student with no employment income, responsible for a mortgage and ongoing housing costs. I depended on my father financially, and upon his death, my access to funds was entirely dependent on the timely processing of this policy. Instead, I was left without funds for approximately two months and was forced to sell personal items, including gold jewelry given to me by my father, in order to survive.

The decisions I am now making regarding the property and finances are being made under financial distress, not under the conditions originally intended by my father. Any agreement to divide the proceeds would be made under duress and necessity, not fairness. These circumstances constitute damages resulting from delay.

MetLife also failed to properly honor valid beneficiary designations. The 2018 designation was made by my father independently. A subsequent designation was completed under my authority as durable power of attorney shortly before his death. The system used to complete such designations is secure, requires authentication, and generates confirmation notices. Despite this, MetLife chose not to honor either designation and instead initiated this action, while continuing to retain the funds and benefit from the interest accrued.

MetLife represented the claim as "paid in full" even though only a portion of the proceeds had been paid and the remaining balance had not been disbursed. This was inconsistent with its duties under the Employee Retirement Income Security Act of 1974 (ERISA). This misled me and required corrective action. Absent my diligence, I could have lost a substantial portion of the proceeds.

MetLife also directed me to locate and review my father's tax records from his final years of employment to verify the policy amount, which was unnecessary given that the policy calculation is based on the average of his last five years of earnings. This request served to distract from the actual status of the claim, create confusion, and reinforce the inaccurate

impression that the policy had already been properly paid.

Accordingly, I respectfully request that the Court decline to discharge MetLife with prejudice, as I intend to pursue further claims related to its handling of this matter; recognize that I am entitled to the full amount of the policy proceeds, together with all applicable interest; consider appropriate relief in light of the extended and unreasonable delay; and grant equitable relief in the form of a temporary stay or accommodation regarding my mortgage obligations, should this matter extend beyond two additional months, as I am currently operating with less than $10,000 in remaining funds and face immediate financial hardship.

## SECTION II - RESPONSE TO CLAIMS BY ALDO KADUM

I respond to the claims made by Aldo Kadum with a heavy heart, as they are false, disrespectful, and entirely inconsistent with the values held by my father and our family.

At the outset, I deny each and every allegation of fraud, undue influence, and neglect.

1. Allegations of neglect are categorically false. I was my father's caregiver and servant for over twenty years. I maintained his home, ensured his daily needs, and cared for him through serious medical conditions, including open-heart surgery. Adult Protective Services investigated and did not find any basis for neglect.

2. Allegations of undue influence are unfounded. My father was a strong-willed and independent individual who made his own decisions.

3. Allegations of fraud are without merit. The designation system is secure, requires authentication, and remained unchanged for years, allowing ample opportunity for revision.

These claims appear driven by personal animosity and grief, not fact.

I note that prior generations of our family handled inheritance without conflict, and my father reasonably believed his wishes would be respected.

I express my condolences to Aldo Kadum for his loss. My father's decisions were not made to harm him, but reflect the reality that I remained, cared for him, and made long-term sacrifices.

## SECTION III - BASIS FOR DESIGNATION AND RESULTING HARDSHIP

My father's decision was intentional and part of a broader estate plan, including a revocable living trust, pour-over will, and durable power of attorney.

For over twenty years, I served as his caregiver and structured my life around his care, including sacrifices to my education and career.

At his passing, I was a full-time PhD student with no income, and my financial stability depended on timely access to these funds. Instead, I faced immediate hardship.

My father understood my financial burden, and intended that I maintain the home.

The policy is necessary to sustain the home, not excess.

I have used funds only for obligations and not for leisure.

I am now under severe financial constraint, facing potential forced sale of the home.

Given my substantial debt burden, this may be my only realistic opportunity to maintain home ownership for the foreseeable future, which my father understood.

These hardships are due to delay, not my father's intent.

## REQUEST FOR ADDITIONAL RELIEF

I respectfully request that the Court consider equitable relief in the form of a temporary stay or accommodation of my mortgage obligations during the pendency of this action.

I am currently operating with less than $10,000 in remaining funds, and continued delay may cause irreparable harm.

## WHEREFORE

I respectfully request that the Court honor the beneficiary designation; award the full policy proceeds with interest; decline to discharge MetLife with prejudice; and grant such other relief as the Court deems just and proper.

Respectfully submitted,

4/23/26

Danny Kadum
Pro Se
11974 N Labyrinth Drive
Oro Valley, AZ 85737
424-422-2732
dkadum@asu.edu