✓ FILED LODGED
RECEIVED COPY
APR 28 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Metropolitan Life Insurance Company,
Plaintiff,

v.

Danny Kadum and Aldo Kadum,
Defendants.

Case No. CV-26-00167-TUC-RCC

**DEFENDANT ALDO KADUM'S ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM TO INTERPLEADED FUNDS (PRO SE)**

Defendant Aldo Kadum ("Aldo"), appearing pro se, hereby answers the Complaint in Interpleader filed by Plaintiff Metropolitan Life Insurance Company ("MetLife") as follows:

## I. STATEMENT OF THE CASE (THEORY OF DEFENSE)

Aldo Kadum contends that this dispute arises from a purported 2018 beneficiary change that has not been reliably authenticated as having been knowingly and voluntarily authorized by the Decedent. For decades prior, the Decedent consistently maintained equal beneficiary designations in favor of both of his sons. The sudden and complete disinheritance of Aldo Kadum, under circumstances where Defendant Danny Kadum had access to the Decedent's personal and financial affairs, raises substantial questions of authorization, authenticity, and undue influence. In the absence of competent proof that the Decedent personally effected the change in accordance with policy requirements, the prior valid beneficiary designation must control.

## II. ANSWER

### A. Jurisdiction and Venue

1. Aldo admits that this Court has subject matter jurisdiction and that venue is proper in this District.

**B. General Allegations**

1. Aldo admits that MetLife issued the group life insurance policy described in the Complaint.
2. Aldo admits that Gaetano Kadum ("Decedent") is deceased and that life insurance benefits are payable.
3. Aldo admits that he and Defendant Danny Kadum are the Decedent's sons.
4. Aldo admits that prior beneficiary designations in or about 2002 and 2008 designated Aldo and Danny Kadum as equal fifty percent (50%) beneficiaries.
5. Aldo lacks sufficient information to admit the validity of the purported September 14, 2018 beneficiary designation naming Danny Kadum as 100% beneficiary and therefore denies the same.
6. Aldo alleges that the governing policy requires any beneficiary change to be properly authorized by the insured and submitted in accordance with MetLife's procedures.
7. Aldo alleges, upon information and belief, that the purported 2018 change was not properly authenticated as having been personally authorized by the Decedent.
8. Aldo further alleges that to the extent MetLife relies on an electronic submission, such submission must be supported by reliable indicia of authentication attributable to the Decedent, which have not been produced.
9. Aldo alleges that Danny Kadum, as caregiver, had access to the Decedent's personal affairs, including computers, accounts, and identifying information.
10. Such access created the opportunity for beneficiary changes to occur without the Decedent's full knowledge or independent action.
11. Aldo alleges that the purported 2018 designation was not knowingly and voluntarily made by the Decedent.
12. Alternatively, if executed, Aldo alleges it may have resulted from undue influence, coercion, or improper pressure exerted on a vulnerable Decedent.

**C. Estate Documents (Rebuttal)**

1. Aldo alleges that any revocable trust, will, or power of attorney ("Estate Documents") do not control beneficiary designations on a life insurance policy, which are governed solely by policy terms and valid beneficiary forms.
2. The existence of Estate Documents does not establish that the Decedent personally initiated, reviewed, or knowingly authorized the 2018 beneficiary change.
3. Rather, such documents are relevant only to issues of access, control, capacity, and potential undue influence.
4. Aldo further alleges that a purported Last Will and Testament dated shortly before the Decedent's death identifies only Defendant Danny Kadum as a child of the Decedent and omits any reference to Aldo Kadum.
5. Aldo alleges that such omission is inconsistent with undisputed family relationships and raises substantial questions regarding the accuracy, preparation, and reliability of the document.
6. Aldo further alleges, upon information and belief, that the will was prepared or procured under circumstances in which Defendant Danny Kadum was actively involved and stood to benefit, thereby raising concerns regarding undue influence and lack of independent action.
7. Aldo alleges that the timing of the document, executed shortly before the Decedent's death, further supports the need for scrutiny regarding capacity, intent, and independence.

8. Aldo further alleges that, to the extent Defendant Danny Kadum relies on such documents, they do not establish that the Decedent personally and independently authorized any change to life insurance beneficiary designations in accordance with policy requirements.

**D. Power of Attorney Allegations**

1. Aldo alleges that reliance on any durable power of attorney is insufficient to establish a valid beneficiary change under the policy.
2. A power of attorney does not authorize self-dealing absent clear and express authority.
3. Aldo further alleges that any use of a power of attorney to effect a beneficiary change in favor of the agent himself, particularly where the agent stands to benefit exclusively, is inherently suspect and constitutes a classic self-dealing transaction subject to strict scrutiny and presumptive invalidity.
4. Upon information and belief, any such attempt would require clear proof of the Decedent's knowing and independent intent, which has not been demonstrated.
5. No competent evidence shows that the Decedent expressly authorized Danny Kadum to alter beneficiary designations in his own favor.
6. Any such change not strictly complying with policy requirements and reliable authentication is invalid and unenforceable.

**E. Additional Allegations**

1. Aldo admits conflicting claims were submitted to MetLife.
2. Aldo admits MetLife disbursed a portion of proceeds to Danny Kadum.
3. Aldo alleges, upon information and belief, that records associated with the Ford National Employee Service Center reflect continued maintenance or updating of beneficiary-related information between approximately 2022 and 2025, which is inconsistent with a fully effectuated removal of Aldo Kadum as a beneficiary and suggests that the purported 2018 change may not have been properly implemented, recognized, or maintained in the ordinary course of business.
4. Aldo further alleges that irregularities in account activity and recordkeeping raise questions regarding the reliability and integrity of the beneficiary change process.
5. Aldo further alleges that the irregularities surrounding account access and beneficiary changes were sufficiently concerning that he was advised to consider reporting potential unauthorized activity.
6. Aldo denies all remaining allegations not expressly admitted.

**F. Statements of Defendant Danny Kadum (Exhibit 12)**

1. Aldo alleges that Defendant Danny Kadum has made statements reflecting his understanding of the basis for his claim to the disputed proceeds that are inconsistent with the requirements governing valid beneficiary designations under the policy.
2. As reflected in **Exhibit 12 (Email from D. Kadum)**, a written communication from Danny Kadum to counsel for Plaintiff, Danny Kadum asserted that he is entitled to the insurance proceeds based on his role as the Decedent's caregiver, his residence with the Decedent, and his belief that the Decedent intended for him to receive the money and property.

3. In the same communication, Danny Kadum emphasized personal hardship, financial distress, and reliance on the insurance proceeds as justification for receiving the funds.
4. Aldo alleges that these statements are significant because they rely on factors such as caregiving status, personal expectations, alleged promises, and financial need—none of which determine beneficiary entitlement under the terms of a life insurance policy absent a valid and properly authorized designation.
5. Exhibit 12 further reflects that Danny Kadum referenced the ability to make beneficiary changes "online," but did not identify any specific evidence demonstrating that the Decedent personally initiated, reviewed, and knowingly authorized the purported 2018 beneficiary change in compliance with policy requirements.
6. Aldo further alleges that the statements reflected in Exhibit 12 demonstrate reliance on subjective beliefs and circumstances rather than verifiable evidence of proper authorization, and are therefore relevant to issues of authentication, intent, and the validity of the alleged beneficiary designation.
7. Aldo further alleges that the urgency and financial pressure expressed in Exhibit 12 may be relevant to issues of motive, credibility, and the reliability of the purported beneficiary change.

## III. AFFIRMATIVE DEFENSES

Without assuming any burden not otherwise required by law, Aldo asserts:

### First Affirmative Defense – Failure of Valid Authorization

The 2018 designation is invalid because it was not properly authorized by the Decedent in accordance with policy requirements.

### Second Affirmative Defense – Lack of Reliable Authentication

No reliable evidence shows the Decedent personally initiated or approved the alleged electronic change.

### Third Affirmative Defense – Undue Influence

Danny Kadum occupied a position of trust and access that may have influenced the Decedent, rendering the change suspect. Any purported change in beneficiary that departs from longstanding prior designations—particularly when occurring contemporaneously with estate planning documents prepared under the involvement of an interested beneficiary—is presumptively suspect and may have resulted from undue influence.

### Fourth Affirmative Defense – Lack of Capacity

The Decedent suffered impairments, including vision limitations, affecting his ability to independently complete or understand electronic beneficiary changes.

### Fifth Affirmative Defense – Fraud, Misrepresentation, or Improper Conduct

The designation may have resulted from unauthorized access, misrepresentation, or improper conduct.

### Sixth Affirmative Defense – Unjust Enrichment

Enforcing an invalid designation would result in unjust enrichment.

### Seventh Affirmative Defense – Unclean Hands

Equitable relief is barred to the extent Danny Kadum engaged in improper conduct.

**Eighth Affirmative Defense – Prior Valid Beneficiary Controls**

If the 2018 designation is invalid, the prior equal beneficiary designation governs.

## IV. CLAIM TO INTERPLEADED FUNDS

1. The purported 2018 beneficiary designation has not been shown to be validly authorized by the Decedent.
2. In the absence of competent proof of authorization and compliance with policy requirements, the designation should not be enforced.
3. If the 2018 designation is determined to be invalid, the prior valid beneficiary designation controls.
4. Under that prior designation, Aldo Kadum is entitled to fifty percent (50%) of the total policy proceeds.
5. Because Defendant Danny Kadum has already received a portion of the policy proceeds, the remaining interpleaded funds represent the disputed share of the policy.
6. Accordingly, Aldo Kadum is entitled to one hundred percent (100%) of the interpleaded funds.
7. To the extent the evidence demonstrates that the purported 2018 designation resulted from undue influence, unauthorized action, or other improper conduct, the Court may consider appropriate equitable remedies consistent with law and equity.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendant Aldo Kadum respectfully requests that the Court:

A. Determine the validity of the 2018 beneficiary designation;
B. Declare any invalid designation unenforceable;
C. Apply the prior valid designation if appropriate;
D. Award Aldo his proper share of interpleaded funds;
E. Grant such further relief as the Court deems just and proper.

Respectfully submitted this 27th day of April, 2026.

Aldo Kadum (Pro Se)
5001 E Eastland St
Tucson Arizona 85711
(520)-448-8325
Aldokh@hotmail.com
/s/ Aldo Kadum

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of April, 2026, I served a copy of this Answer on all parties or their counsel of record by email to:

Kristina Novotny Holmstrom kristina.holmstrom@ogletree.com, ERISAdocketing@ogletreedeakins.com, rose.ramsey@ogletree.com
Danny kadum: dkadum@asu.edu

/s/ Aldo Kadum