**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Metropolitan Life Insurance Company,

Plaintiff,

v.

Danny Kadum, et al.,

Defendants.

No. CV-26-00167-TUC-RCC (LCK)

**ORDER**

There are numerous motions currently pending before the Court. Below, the Court addresses several of them. The Court also is setting a status conference at which additional motions may be discussed.

**Sur-Reply to the Motion to Complete Interpleader**

Defendant Danny Kadum (D. Kadum) filed a Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion to Complete Interpleader. (Doc. 30.) D. Kadum requested leave to file a sur-reply to address new arguments and exhibits attached to Plaintiff's reply. Plaintiff opposed the request (Doc. 40), and Defendant replied (Doc. 43). Because the proposed sur-reply is brief and addresses exhibits attached to Plaintiff's Reply, the Court will allow it.

**Motions Related to Defendant D. Kadum's Amendment of his Answer**

On June 19, 2026, Defendant D. Kadum filed a First Amended Answer, Counterclaims Against Plaintiff, and Crossclaim against Defendant Aldo Kadum (A. Kadum). (Doc. 28.) Plaintiff filed a Motion to Strike the document arguing that Defendant

failed to file a motion to amend and the counterclaims were futile. (Doc. 32.)

On July 12, 2026, Defendant D. Kadum filed a Motion for Leave to File a First Amended Answer, Counterclaims Against Plaintiff, and Crossclaim against A. Kadum; this motion sought Court permission to file the same document D. Kadum had filed on June 19. (Doc. 39.) Plaintiff opposed the motion on the grounds of futility, undue delay, bad faith, and prejudice (Doc. 45), and Defendant D. Kadum replied (Doc. 46). Prior to the Court ruling on the motion to amend, Defendant D. Kadum filed a Motion for Entry of Default Against A. Kadum for failing to respond to the June 19 Crossclaim. (Doc. 55.)

After the above filings, Defendant D. Kadum filed a second motion to amend his Answer to include counterclaims against Plaintiff but no crossclaim against Defendant A. Kadum. (Doc. 61.) D. Kadum asserted explicitly that he is dropping all crossclaims against A. Kadum. (Doc. 61 at 3; Doc. 61-3 at 12.) In light of D. Kadum's August 14, 2026, second Motion to Amend (Doc. 61), the Court will deny as moot Plaintiff's Motion to Strike, Defendant D. Kadum's first Motion to Amend, and Defendant D. Kadum's Motion for Entry of Default (which was based on a crossclaim he no longer is pursuing).

**Motion to Compel**

Defendant D. Kadum filed a Motion to Compel based on Federal Rule of Civil Procedure 37. (Doc. 53.) This motion is not in compliance with the rules. Defendant did not include a certification that he attempted to confer in good faith with Plaintiff prior to filing the motion. Fed. R. Civ. P. 37(a)(1). Further, Defendant has not identified when he alleges Plaintiff became obligated to produce the requested document, whether it was a required disclosure under Rule 26(a) or if Plaintiff failed to answer an interrogatory or to respond to a request for production, under Federal Rules 33 or 34, respectively. Fed. R. Civ. P. 37(a)(3)(A) & (B). Finally, in his Reply on this motion, Defendant D. Kadum indicated that his motion to compel had been satisfied by Plaintiff's statement that no responsive documents exist. (Doc. 76 at 1.) For all these reasons, Defendant's motion to

compel will be denied.

**Motions re: Disqualifying Counsel Matthew Wesley**

Defendant D. Kadum filed a Motion to Disqualify Matthew B. Wesley as Counsel of Record Pursuant to ER 3.7. (Doc. 54.) And he filed a subsequent motion seeking disclosure about Wesley's bar admission status. (Doc. 64.) In these filings, he asserts that Wesley has appeared in this case on behalf of Plaintiff. In fact, Wesley has neither filed a notice of appearance nor signed any documents in this case. For that reason, the Court cannot order that he be disqualified and removed from this case. To the extent that Plaintiff is using, or has used, Wesley as an associate to perform work on its behalf, outside of Court, that is permissible.

**Status Conference**

Defendant D. Kadum filed a Motion to Expedite Trial Proceedings (Doc. 31), a declaration requesting a rapid resolution to this case (Doc. 48), and a second declaration elaborating on his response to this litigation (Doc. 52). Because the second Declaration does not seek any relief from the Court, it will be denied without prejudice. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion. The motion must . . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."). As the parties have been notified, the Court will set a status conference at which it will discuss the other two motions. The Court is aware that Defendant D. Kadum has additional motions pending, including a Motion to Stay (Doc. 78). The Court still intends to hold the status conference, and the implications of that motion may be discussed then.

Accordingly,

**IT IS ORDERED** that Defendant D. Kadum's Motion for Leave to File a Sur-Reply (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 32), Defendant D. Kadum's first Motion to Amend (Doc. 39), and Defendant D. Kadum's Motion for Entry of Default (Doc. 55) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant D. Kadum's Second Motion for

Disclosure Emergency Relief (captioned as Declaration) (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant D. Kadum's Motion to Compel (Doc. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant D. Kadum's motions related to disqualifying Matthew Wesley as counsel of record (Docs. 54, 64) are **DENIED**.

**IT IS FURTHER ORDERED** that a status conference will be held on **August 27, 2026, at 2 p.m.** The parties may appear by Zoom or in person in Courtroom 5F of the Evo A. DeConcini Courthouse, 405 W. Congress St., Tucson, AZ 85701. A link for Zoom participation has been distributed by email.

Dated this 21st day of August, 2026.

Lynnette C. Kimmins

Honorable Lynnette C. Kimmins
United States Magistrate Judge