# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>DANNY KADUM AND ALDO KADUM,<br>Defendants. | Case No. 4:26-cv-00167-RCC-LCK<br>DEFENDANT DANNY KADUM'S NARROWED MOTION FOR ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY;<br>**REQUEST FOR LIMITED COMPENSATORY RELIEF OF $223.35**<br>ORAL ARGUMENT REQUESTED |

## THIS MOTION SEEKS $223.35. NO MORE.

### ONE DOCUMENTED EXPENSE. ONE CAUSATION HEARING.

### PRELIMINARY STATEMENT

I, Danny Kadum, appear without counsel and ask the Court to issue a focused order to show cause concerning whether Plaintiff's counsel, Kristina N. Holmstrom, multiplied these proceedings unreasonably and vexatiously through the specific filings and fee-pressure tactics identified below. I request, only after notice and an opportunity to be heard, a limited compensatory sanction of $223.35 - the exact amount shown on the attached Oro Valley Water Utility notice as necessary to restore residential water service.

I do not ask the Court to award $617,760.00, compensate me for my own legal research, reimburse a hotel, impose punitive damages, or value every consequence of this litigation. I isolate one attorney, specific conduct, a narrow causation question, and one documented out-of-pocket amount.

I filed a Chapter 7 bankruptcy notice in this action. This motion does not purport to compromise or dispose of any claim belonging to the bankruptcy estate. To the extent trustee participation is required, I ask the Court to preserve this request and permit trustee review rather than deny it on a procedural technicality.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

## THE SPECIFIC RECORD

**1.** In Doc. 29 at 3, MetLife stated that the September 14, 2018 beneficiary designation was executed when I "lived with the Decedent and had access to his personal and financial affairs." Doc. 29 cited Complaint paragraph 18. But paragraph 18 states only that Decedent completed the 2018 designation naming me as the 100% beneficiary. It does not state that I lived with Decedent in 2018 or had access to his personal or financial affairs.

**2.** The assertion appeared for the first time in a reply brief and was used to support the alleged substantiality of Aldo Kadum's claim. I was living in Los Angeles and attending Otis College of Art and Design during the relevant period. To correct the new factual assertion and answer new evidence attached to the reply, I filed Doc. 30 seeking leave to file a sur-reply.

**3.** On August 21, 2026, the Court entered Doc. 79 granting my Motion for Leave to File a Sur-Reply. The order confirms that the additional round of briefing was procedurally warranted. I did not invent the need to answer new matter introduced in MetLife's reply.

**4.** On June 25, 2026, Holmstrom asked me to withdraw my amended answer and counterclaim, warned that MetLife would file a motion to strike if I did not comply, and tied the demand to fees by stating that counsel was "trying to be mindful of fees." MetLife then filed Doc. 32. The Court later denied Doc. 32 as moot in Doc. 79.

**5.** The settlement record contains a material tension. Holmstrom acknowledged on April 2 that I had made an "offer to split the disputed benefit," although she described it as contingent on probate and funeral-expense terms. Doc. 29 later stated that communications with Aldo were necessary to convey a settlement offer. On August 13, however, Holmstrom wrote that no documents showed Ogletree conveying any settlement offer to Aldo because "there was nothing to convey" and the earlier offer to convey was "a courtesy and nothing more."

**6.** On August 17, Holmstrom tied my continued filings and communications to fees against both the interpleaded benefits and me personally and cited 28 U.S.C. § 1927. The same day, Doc. 63 told the Court that fees had increased "exponentially" because of my filings, discovery, and emails and announced that MetLife would later seek additional fees.

**7.** On August 19, 2026, Oro Valley Water Utility turned off water service at my residence for delinquency. The notice states: account delinquent, $143.35; delinquency processing fee, $80.00; total required to restore service, $223.35. A true and correct copy is attached as Exhibit A.

## THIS IS NOT NEUTRALITY

## LEGAL STANDARD

Section 1927 authorizes personal liability against an attorney or other person admitted to conduct cases who "multiplies the proceedings in any case unreasonably and vexatiously," but only for excess costs, expenses, and attorney's fees reasonably incurred because of that conduct. 28 U.S.C. § 1927. In the Ninth Circuit, sanctions require more than error or volume. The Court must identify the multiplied proceedings, the required state of mind, and the causal connection to the excess expense. In re Keegan Management Co. Securities Litigation, 78 F.3d 431, 435-36 (9th Cir. 1996); B.K.B. v. Maui Police Department, 276 F.3d 1091, 1107-08 (9th Cir. 2002).

Federal courts also possess inherent authority to sanction bad-faith abuse of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46, 50 (1991). In the Ninth Circuit, recklessness may support inherent-power sanctions when combined with harassment, delay, or another improper purpose. Fink v. Gomez, 239 F.3d 989, 991-94 (9th Cir. 2001). Any compensatory monetary sanction must be limited to loss that would not have occurred but for the sanctionable conduct. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108-10 (2017).

I therefore request a show-cause process, not a summary finding. Counsel must receive notice and an opportunity to answer. I likewise bear the burden of proving causation. The attached utility notice establishes the amount; it does not, standing alone, establish the entire causal chain.

## ARGUMENT

### I. THE RECORD IDENTIFIES SPECIFIC PROCEEDINGS, NOT MERELY A HIGH DOCKET COUNT.

The clearest multiplication is Doc. 29's introduction of new evidence and a new factual assertion in reply, which required me to seek leave to file a sur-reply. The Court granted that leave in Doc. 79. The relevant question is not whether MetLife was entitled to file a reply. It is whether counsel used a reply to place a damaging factual assertion before the Court without an identified evidentiary source, thereby creating additional motion practice that would otherwise have been unnecessary.

The same focused inquiry applies to the fee-pressure sequence. Counsel repeatedly linked withdrawal demands, my continued filings, and my inquiries into Wesley's role to increasing fees against the fund and against me personally. The Court should determine whether those statements were legitimate litigation notices or were used for the improper purpose of deterring scrutiny of counsel's own conduct.

**II. THE COURT SHOULD REQUIRE SWORN ANSWERS BEFORE DECIDING SANCTIONS.**

The present record permits a serious inference but does not require the Court to adopt my account without hearing the other side. An order to show cause is the correct mechanism because it requires counsel to identify the source for the 2018 residence-and-access statement, explain whether my March counteroffer was conveyed or summarized to Aldo, reconcile the April 2, Doc. 29, and August 13 descriptions of the settlement record, and identify each fee or expense allegedly caused by me rather than by MetLife's own litigation choices.

**III. THE $223.35 REQUEST IS NARROW AND MUST BE TESTED UNDER THE CORRECT AUTHORITY.**

I do not contend that a municipal water charge is itself attorney's fees under § 1927. Section 1927 supplies the basis for personal sanctions against counsel for excess litigation costs and for the requested show-cause findings. I request the direct $223.35 compensatory component principally under the Court's inherent authority, subject to Goodyear's but-for causation requirement.

I acknowledge that my financial collapse had more than one contributing cause. I do not ask the Court to assume that counsel alone caused the shutoff. I ask for an evidentiary determination whether the challenged conduct prolonged and increased the litigation in a manner that, but for that conduct, would have left me able to avoid the precise $223.35 restoration expense. If I do not make that causal showing, the Court should deny the monetary component. The amount remains the outer limit of this motion.

**IV. THIS FILING NARROWS RATHER THAN EXPANDS THE SANCTIONS DISPUTE.**

Docs. 67 and 70 requested broader sanctions relief. I do not ask the Court to adopt every characterization in those filings or to award the earlier amounts. I present a discrete request under identified authority. I do not waive claims that may belong to me or the bankruptcy estate, but I request no monetary award beyond $223.35 through this motion.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

## REQUEST

I respectfully ask the Court to address the following procedure at the August 27, 2026 status conference and to enter an order:

**A.** Requiring Kristina N. Holmstrom to show cause why sanctions should not be imposed under 28 U.S.C. § 1927 and the Court's inherent authority for the specific conduct identified in this motion;

**B.** Requiring a declaration based on personal knowledge addressing: (1) the evidentiary source for the statement that I lived with Decedent and had access to his personal and financial affairs in 2018; (2) whether my March 19 counteroffer was conveyed, forwarded, summarized, or otherwise communicated to Aldo; (3) the reconciliation of the April 2 acknowledgment, Doc. 29, and the August 13 "nothing to convey" statement; and (4) the precise causal basis for any fees sought against the fund or against me personally;

**C.** Holding any additional fee request against the interpleaded benefits or against me personally in abeyance until the show-cause record is complete;

**D.** Requiring preservation of native emails, attachments, billing records, notes, and communications concerning the November 2025 and March 2026 settlement efforts, the preparation of Docs. 29, 32, 45, and 63, and the August 13 and August 17 communications;

**E.** After notice and a hearing, awarding $223.35 as a limited compensatory sanction under the Court's inherent authority only if I prove the required but-for causation; alternatively, reserving the amount pending trustee participation or further proof;

**F.** Expressly stating that I request no larger monetary sanction through this motion; and

**G.** Granting any further nonmonetary relief necessary to protect the integrity of the record.

## DECLARATION OF DANNY KADUM

I, Danny Kadum, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

**1.** I am a Defendant and Counterclaimant in this action and have personal knowledge of the facts stated in this declaration.

**2.** Exhibit A is a true and correct photograph of the Oro Valley Water Utility notice delivered for the residence at 11974 N. Labyrinth Drive. The notice states that service was turned off on August 19, 2026 and that $223.35 is required to restore service.

**3.** As of August 24, 2026, water service at the residence remains off. I cannot use ordinary running water in the house and must also provide water for my dog.

**4.** I request no amount beyond $223.35 in this motion. I have excluded hotel expenses, transportation, emotional-distress amounts, punitive amounts, and compensation for my own legal research or litigation time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2026, in Oro Valley, Arizona.

**RESPECTFULLY SUBMITTED this August 24, 2026.**

**/s/ Danny Kadum**
Danny Kadum, Pro Se Defendant and Counterclaimant
11974 N. Labyrinth Drive
Oro Valley, Arizona 85737
(424) 422-2732
dmkadum@comcast.net

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I filed the foregoing through CM/ECF, which transmitted notice to counsel of record. I also served a copy on Aldo Kadum by the method required by Federal Rule of Civil Procedure 5. I will complete the date and method of service before filing.

**/s/ Danny Kadum**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

## EXHIBIT A

**ORO VALLEY WATER UTILITY SHUTOFF NOTICE**
**AUGUST 19, 2026**
**TOTAL REQUIRED TO RESTORE SERVICE: $223.35**



Name Gaetano Kadum
Account No. 1077677

Address 11974 N Labyrinth Dr

Oro Valley Water Utility

11000 N. La Cañada Drive
Oro Valley, AZ 85737
(520) 229-5000
For payment by credit card call 877-577-8722
Please call office with confirmation number

Your water service has been turned off on

19-Aug-2026

for delinquency:

| | |
|---|---|
| Account Delinquent | $143.35 |
| Delq Processing Fee | $80.00 |
| Total to restore service | $223.35 |
| Meter # | 100276183 |

TO MAKE PAYMENT CALL 877-577-8722

To re-establish service, the above matter(s) must be resolved plus a delinquent processing fee of $80.00/$115.00 must be paid. Payment of a security deposit may be required before service is turned back on. If further information is desired, please call our office Monday through Friday, between 8:00 a.m. and 5:00 p.m.

IMPORTANT

It is a CLASS ONE MISDEMEANOR to tamper with TOWN property, including unauthorized removal of a lock.